UNITED STATE DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION
Case No. 9-cv-1056-EFM-DWB

GUADALUPE BETANCOURT, individually

Plaintiff,

vs.

TOWNE WEST SQUARE, LLC., a Delaware
Limited Liability Company,

Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant, TOWNE WEST SQUARE, LLC ("TOWNE WEST"), answers and asserts the following defenses to the Complaint of Defendant, GUADALUPE BETANCOURT, and says:

1. TOWNE WEST is without knowledge as to the allegations contained in Paragraph 1.

2. TOWNE WEST admits the allegations contained in Paragraph 2.

3. TOWNE WEST admits that venue is proper in the United States District Court, District of Kansas. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 3.

4. TOWNE WEST admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 12181 *et seq.* and that these statutes speak for themselves. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 4.

5. TOWNE WEST denies the allegations contained in Paragraph 5.

6. TOWNE WEST admits that it is the owner of the facility referenced in the Complaint and that such facility is a place of public accommodation. TOWNE WEST also admits that 28 C.F.R. §§ 36.201(a) and 36.104 speak for themselves. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 6.

7. TOWNE WEST is without knowledge as to the allegations contained in Paragraph 7.

8. TOWNE WEST denies the allegations contained in Paragraph 8.

9. TOWNE WEST admits ADA speaks for itself. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 9, including all subparts.

10. TOWNE WEST denies the allegations contained in Paragraph 10.

11. TOWNE WEST admits that 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* speak for themselves. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 11.

12. TOWNE WEST admits that 42 U.S.C. § 12205 and 28 C.F.R. § 36.505 speak for themselves. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 12.

13. TOWNE WEST admits that 28 C.F.R. §§ 36.401, 36.402 and 36.304(a) speak for themselves. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 13.

14. TOWNE WEST denies the allegations contained in Paragraph 14.

15. TOWNE WEST admits that 42 U.S.C. §12188 speaks for itself. Otherwise, TOWNE WEST denies the remaining allegations contained in Paragraph 15.

## GENERAL DENIAL

16. TOWNE WEST denies each and every allegation and prayer of the Complaint not specifically admitted above.

## ATTORNEY'S FEES

17. TOWNE WEST has retained the law firm of Stinson Morrison Hecker LLP and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, TOWNE WEST is entitled to recover its attorney's fees and costs.

## FIRST DEFENSE

18. Plaintiff does not have standing to bring this action, and therefore, the Complaint should be dismissed.

## SECOND DEFENSE

19. Plaintiff has demanded modifications that would result in significant loss of sale and/or serving space and, therefore, such modifications are not readily achievable.

## THIRD DEFENSE

20. Plaintiff has demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

## FOURTH DEFENSE

21. Plaintiff has demanded modifications to a facility that would either create an undue hardship on TOWNE WEST, or that would threaten the health and safety of Plaintiff or others.

## FIFTH DEFENSE

22. Plaintiff's causes of action, claims, or items of damage did not accrue within the time prescribed by law for her before this action was brought.

**SIXTH DEFENSE**

23.     Prior to the institution of this action, TOWNE WEST had already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said barriers were readily achievable, therefore, Plaintiff is not entitled to an injunction or attorney's fees.

**SEVENTH DEFENSE**

24.     Plaintiff has demanded modifications that would require TOWNE WEST to fundamentally alter the way it provides its goods and services or would result in an undue burden.

**EIGHTH DEFENSE**

25.     The Complaint fails to state a cause of action upon which relief may be granted.

**NINTH DEFENSE**

26.     To the extent any architectural barriers exists, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

**TENTH DEFENSE**

27.     To the extent the Complaint seeks relief for any area that is the responsibility of the owner or another, an indispensable party defendant has not been joined in this action because the allegations of the Complaint may show that the purported violations include facilities that are the responsibility of another and it has not been joined in this action.

**ELEVENTH DEFENSE**

28.     To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, TOWNE WEST is not liable for compliance on property which it does not own, operate or lease.

## TWELFTH DEFENSE

29. To the extent any architectural barriers exists, they have already been remedied and/or removed and the issues are now moot and the facilities are compliant with the ADA and its implementing regulations.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By: s/Stewart M. Stein
Stewart M. Stein   KS # 11570
1201 Walnut – Suite 2600
Kansas City, MO 64106-2150
(816) 691-3280 Fax (816) 691-3495
sstein@stinson.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert J. Vincze, Esquire
LAW OFFICES OF ROBERT J. VINCZE
P.O. Box 792
Andover, KS 67002
(303) 204-8207
(316) 733-5787 - Facsimile
vinczelaw@att.net

Lawrence A. Fuller, Esquire
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Ste. 609
North Miami, FL  33181
(305) 891-5199
(305) 893-9505 – Facsimile
lfuller@fullerfuller.com

*Counsel for Plaintiff*
*Guadalupe Betancourt*

s/ Stewart M. Stein
Stewart M. Stein

089191, 000063, 502406156.1